ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-125 |
| | ) | |
| CITY OF GROVETOWN, GA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Columbia County Detention Center in Appling, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

# I. BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) City of Grovetown, Georgia ("City of Grovetown"); (2) Grovetown, Georgia, Department of Public Safety ("Grovetown Dep't of Public Safety"); and (3) Investigator Brandon Thacker of the Grovetown Dep't of Public Safety. (Doc. no. 1, p. 1). In his complaint, Plaintiff alleges that on the afternoon of January 7, 2009, Defendant Thacker and Deputy Campbell (who Plaintiff states works for the McDuffie County Sheriff's Department), entered his residence in Thomson, Georgia. (Id. at 5). Plaintiff contends that the officers did not have a warrant, his consent, or probable cause to enter his residence. (Id.). He further contends that there were no exigent circumstances warranting their entry. (Id.).

More specifically, Plaintiff states that Defendant Thacker knocked on the front door, and when no one responded, he and Deputy Campbell went around to the back door. (Id.). According to Plaintiff, the back door was open, but the screen door was closed. (Id.). At this point, officers apparently saw a "pot on the stove cooking"[2] and allegedly entered Plaintiff's residence and "began looking around." (Id.). Plaintiff had apparently been sleeping and states in his complaint that while the officers were looking around, he woke up and was asked to come to the "front room" of his house. (Id.). Plaintiff alleges that he was then asked if he would be willing to go the police station and "answer some questions." (Id.). According to Plaintiff, before he could answer, Defendant Thacker told him that he

---

[2]Later in his complaint, Plaintiff states that a woman named Sandra Lewis can testify that nothing in the house or on the stove was burned. (Doc. no. 1, p. 5).

2

"could go willingly or by force." (Id.). Plaintiff states because he feared that he would be harmed if he resisted, he agreed to go. (Id.). Plaintiff was allegedly then placed in a patrol car and taken to the police station. (Id.). Though Plaintiff does not describe what happened after he was taken to the police station, based on his reference to incarceration in his claim for relief (see id. at 6), it appears that he was later arrested and has been incarcerated since that time. Plaintiff does not state the offense or offenses for which he was apparently arrested or whether he has been convicted.

As relief, Plaintiff requests that Defendant Thacker be reprimanded for his conduct and compensation for the job he states he has lost and the time he has spent incarcerated. (Id. at 6). Plaintiff specifically requests damages in the amount of $500,000 for the "pain and suffering, mental anguish, [and] depression" he has allegedly experienced as a result of Defendant Thacker's actions. (Id.).

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's allegations fail to state a claim for relief against Defendants City of Grovetown and Grovetown Dep't of Public Safety. As to the Grovetown Dep't of Public Safety, the Eleventh Circuit has ruled that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit. . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see also Bunyon v. Burke County, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal

3

entity subject to suit under Georgia law); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing claim against City of Atlanta Police Department because it was not an entity subject to suit). Thus, Plaintiff's claim against the Grovetown Dep't of Public Safety, a police department, fails as a matter of law, and this Defendant should be dismissed from this action.

As to the City of Grovetown, except for naming this Defendant in the caption of his complaint, Plaintiff does not make any allegations of misconduct against this Defendant, and thus, the City of Grovetown is due to be dismissed on that basis alone. See LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Even if Plaintiff had made allegations against the City of Grovetown, the Court would still recommend dismissal of this Defendant. It is well-settled that the Eleventh Amendment does not protect municipalities from suit. Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 43 (1994) ("[T]he Court has consistently refused to construe the [Eleventh] Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice of state power.'" (citation

4

omitted)). However, local government units are not vicariously liable for the actions of their employees based simply on the existence of an employer-employee relationship, though they may be held liable for an official policy or custom that deprives individuals of their constitutional rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, 692 (1978); see also Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1479 (11th Cir. 1991) (noting that "[i]t is well established that a municipality may be held liable under § 1983 only when the deprivation at issue was undertaken pursuant to city "custom" or "policy," and not simply on the basis of *respondeat superior*" (citations omitted)). Even those policies and customs that have not received formal approval by the local decision-making bodies may still provide a basis for a § 1983 suit. Monell, 436 U.S. at 691 (quoting Adickes v. S.H. Kress Co., 398 U.S. 144, 167-88 (1970)).

Here, it appears that Plaintiff seeks to hold the City of Grovetown liable based on an employer-employee relationship. However, the City of Grovetown is not liable for the actions of Defendant Thacker as one of its employees unless Defendant Thacker was acting pursuant to an official policy or custom that deprived Plaintiff of his constitutional rights. Monell, 436 U.S. at 690, 692; Brown, 923 F.2d at 1479. Plaintiff has not referenced any official policy or custom in his complaint, much less attributed that policy or custom to the City of Grovetown. Simply put, Plaintiff has failed to allege that the City of Grovetown is responsible for the deprivation of any constitutional right or otherwise allege a basis for imposing liability, and thus this Defendant should be dismissed from this action as well.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants City of Grovetown and Grovetown Dep't of Public Safety be **DISMISSED** for failure to state a claim upon which relief can be granted.

SO REPORTED and RECOMMENDED this 6th day of November, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE